UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAIL AFEY NUR, | ) 1:07 CV 0824 AWI WMW HC |
| | ) |
| | ) FINDINGS AND RECOMMENDATIONS RE |
| | ) MOTION TO DISMISS PETITION FOR WRIT |
| Petitioner, | ) OF HABEAS CORPUS |
| | ) |
| v. | ) [Doc. 12] |
| | ) |
| ALBERTO GONZALEZ, | ) |
| | ) |
| Respondent. | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Respondent's motion to dismiss for lack of jurisdiction.

Respondent provides evidence to the court that Petitioner was released from BICE custody on an order of supervision on February 29, 2008. Respondent argues that because Petitioner has been released on an order of supervision and is no longer in detention, his habeas petition challenging the length of his confinement is now moot and must be dismissed.

The case or controversy requirement of Article III of the United States Constitution deprives the court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer

1

1  'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S.
2  478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions
3  that cannot affect the rights of the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244,
4  246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S.
5  227, 240-241, 57 S.Ct. 461, 463-464 (1937).  To satisfy the Article III case or controversy
6  requirement, a litigant "must have suffered some actual injury that can be redressed by a
7  favorable judicial decision."  <u>Iron Arrow</u>, 464 U.S. at 70, 104 S.Ct. at 375; <u>Simon v. Eastern Ky.</u>
8  <u>Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); <u>NAACP, Western Region</u>,
9  743 F.2d at 1353.

      A petition for writ of habeas corpus is rendered moot when the petitioner is released from custody, unless the petitioner is able to demonstrate that some collateral, ongoing consequence would result without habeas relief.  <u>See</u> <u>Spencer v. Kemma</u>, 523 U.S. 1, 14 (1998).  Here, no such collateral consequence is alleged.  Accordingly, the court finds that this petition has been rendered moot.

      Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)   Respondent's motion to dismiss be GRANTED;

2)    this petition for writ of habeas corpus be DISMISSED as moot; and

2)   the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

      These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

1 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 30, 2008**                              /s/  **William M. Wunderlich**
                                                           UNITED STATES MAGISTRATE JUDGE

3